CHARLES MAIN, Appellant, *v.* OWEN McCARTY et al., Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Testimony elicited by a question, such as what did persons in the crowd say, which tends to show a common design and feeling with several persons, to resist an officer in the execution of his duty, is proper for the consideration of the jury.

An instruction, the same in substance with others given, may be properly refused.

Where an officer, who is present at the commission of an offence, is not able to make an arrest, and calls in other officers, or the *posse,* or on hue and cry; those who aid, have a justification as broad as his own.

An arrest may be made for violating a city ordinance of the city of Chicago, against keeping open a tippling-house on the Sabbath.

An arrest for a breach of the peace need not be made immediately, and may be made after peace is restored and the affray over, or upon the information of an officer who was present witnessing it, after the affray was over.

An ordinance of the city of Chicago, which authorizes an arrest without a warrant for breaches of the peace or threats of breaches, is not invalid.

THIS cause was heard before J. M. WILSON, Judge, at October term, 1853, of Cook county Court of Common Pleas.

ARNOLD, LARNED & LAY, for appellant.

T. HOYNE, H. F. WAITE, and A. VOSS, for appellees.

SCATES, J. Action for assault, battery, and false imprisonment. General issues and notice of special matter separately.

The main question is, as to the power of the policemen of the city of Chicago to arrest without warrant, for breaches of the city ordinances committed in their presence. This precise question was before the court in Bryant *v.* Bates, ante, p. 87, in which the court held that the officer was justified in making such arrest. Here, as in that case, the city ordinance expressly authorizes the arrest, and the ordinance is not repugnant to the constitution or the general provisions of law.

Other questions are raised upon the admissibility of certain questions put to the witnesses, both as to form and substance.

The defences set up in the notices of special matter are, that Main resisted the defendants in their attempts, as watchmen, to arrest Mahoney and Brown for a breach of the peace.

Proof was introduced tending to show that Main said Mahoney should not go and would not go, that others there also said that Mahoney would not go, and they did not want him to go to the watch-house, and Main also, that he did not want that man to go up, and laid his hand on the officer, to keep him from going up.

The questions objected to, were, "what was said by persons there present in the crowd, about resistance to the watchmen taking Mahoney to the watch-house?" "What was the character of the language of the crowd present, to the watchman?" "What did persons in the crowd say to Johnson?" (one of defendants,) and such like. The form of one of these questions is broad, but the sense is the same as the others, and was by the witness, and would be by all, understood as an inquiry of what was actually said, instead of a character of it, technically. Such testimony of participation in Main has been offered, as will entitle the defendants to these declarations of the crowd with whom he appeared to be acting, as a part of the *res gestæ* of the transaction.

The testimony tends to show a common design and feeling in this particular, and was properly admitted to the jury for what it was worth. A very nice critical discrimination is impracticable in relation to this class of questions and facts; and some little must be left to the sound discretion of the judge, who must determine their degree of relationship to the main fact. 1 Greenl. Evid. 123, § 108.

The 7th instruction was properly refused, upon the ground that the same in substance had been already repeated in two or three instructions given.

The 8th and 9th assume, that to authorize the interference of watchmen, who are called in to the assistance of another, the offence must be committed in the presence of all, or they are

Main *v.* McCarty et al.

all liable for arresting without warrant. These are too broad. Where one who is present at the commission of an offence, or on hue and cry, is not able to make an arrest, and calls in other officers, or the *posse*, their justification is as broad as his own.

The 10th instruction assumes, that no arrest can be made for violation of the city ordinance against keeping open a tippling-house on the Sabbath. We recognize no distinction among the offences.

The 11th and 15th erroneously assume, that the arrest is unlawful unless made immediately; the 12th that it cannot be made after peace is restored, and affray is over; and the 13th that if made upon information of an officer present, but not until affray is over. We do not recognize the correctness of either of these propositions. If such were the law, arrests could easily be evaded by many arts for gaining time, as well as resistance which makes assistance necessary.

The 14th instruction presents the question as to the power of arresting without warrants, for offences committed out of the presence of the officers. This we must settle by the city charter, which expressly authorizes the arrest, with or without warrant, for breaches of the peace or threats to break it, without regard to the presence of conservators of the peace. All these officers, sued here, are made conservators of the peace.

We are not prepared to hold this ordinance invalid on this account, and would construe it as applying more nearly to the rule as laid down at the common law, and even extended in principle to offences below the grade of felony, in cases where charges are freshly made and officers are required to make the arrest. See Hobbs *v.* Branscomb et al., 3 Camp. R. 420; and Samuel *v.* Payne et al., 1 Dougl. R. 359. This ordinance expressly authorizes it, and in this case the facts do not present a voluntary arrest even upon information freshly given of an offence, but upon a transaction in the presence of one of the defendants, who called in the others to his aid. We therefore hold the instruction to be wrong under this ordinance as connected with the facts upon the record.

The four instructions given for defendants, all assume this to be law under the city ordinance, and were therefore correctly given.

*Judgment affirmed.*