(No. 29392.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELVIS T. WATSON, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

Elvis T. Watson, *pro se.*

George F. Barrett, Attorney General, and Louis P. Zerweck, State's Attorney, of Belleville, (Edward Wolfe, of Springfield, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

January 10, 1934, an indictment was returned in the circuit court of St. Clair county against the defendant, Elvis T. Watson, charging him with burglary and larceny. January 12, upon arraignment, the State's Attorney entered a *nolle prosequi* as to the burglary charge and defendant pleaded guilty to larceny. He was thereupon sentenced to imprisonment in the penitentiary for a term of from one to ten years. January 18, 1934, the defendant again appeared before the court and, by agreement of all parties, the orders entered January 12, 1934, were set aside and held for naught. On this same day, January 18, 1934, upon motion of the State's Attorney, the charge of larceny

was nollied and defendant pleaded guilty to the charge of burglary. After admonishing him as to the consequences of his plea, the court found defendant guilty of burglary, and sentenced him to imprisonment in the penitentiary for an indeterminate term of from one year to life. Defendant, appearing *pro se,* prosecutes this writ of error to review the judgment of conviction of burglary. No bill of exceptions is contained in the record.

Charging that his constitutional rights were violated and, in particular, that he was denied due process of law, defendant contends that the burglary charge having been *nolle prossed* upon the first hearing, and the larceny charge having been nollied upon the second hearing, there remained no charge upon which he could be sentenced. He argues, further, that after entry of the *nolle prosequi* the court was without power to reinstate the charge of burglary and that, consequently, he is being illegally detained on a void *mittimus.* The principal controversy thus presented is whether the trial court had jurisdiction to enter the orders of January 18, 1934, setting aside the previous orders and reinstating the burglary charge. The contention and argument of defendant are based upon a misconception of the effect of a *nolle prosequi.* "A *nolle prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution." (10 Encyc. of Pleading and Practice, p. 558.) Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense. (14 Am. Jur., Criminal Law,

sec. 295.) This court has held a plea of former jeopardy cannot be based upon the fact that a trial of the defendant had been previously begun under another indictment which was *nolle prossed* by the State's Attorney after four jurors were selected and sworn. The trial and jeopardy begin when the accused has been arraigned and the jury impaneled and sworn. (*O'Donnell* v. *People,* 224 Ill. 218.) In the present case, the *nolle prosequi* as to the burglary charge was entered before jeopardy attached and, hence, did not operate as an acquittal. See *People* v. *Glenn,* 294 Ill. 333; *People* v. *McGinnis,* 234 Ill. 68.

The orders of January 12 and 18, 1934, were entered during the January, 1934, term, which, according to statute (Smith's Stat. 1933, chap. 37, sec. 7, par. 72.7,) commenced on the second Monday of January (January 8, 1934,) and extended until the first day of the succeeding term, in April. (Smith's Stat. 1933, chap. 37, sec. 24, par. 72.24.) A court retains jurisdiction over a judgment during the term at which it is rendered and may for proper cause vacate the judgment during the term, but in a criminal case the judgment can be vacated or changed in material matters only while it remains unexecuted and not after the prisoner has begun serving his sentence. (*People* v. *Hamel,* 392 Ill. 415; *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241; *People ex rel. Fensky* v. *Leimecke,* 290 Ill. 560; *People ex rel. Huber* v. *Whitman,* 277 Ill. 408; *People ex rel. Lucey* v. *Turney,* 273 Ill. 546.) Here, it is conceded by defendant that, on January 18, 1934, he was still in the county jail, awaiting delivery to the penitentiary. Clearly, therefore, the orders having been entered during term time, the court was still vested with the power and jurisdiction requisite to their entry.

Although the precise question with respect to the power of the trial court to vacate a *nolle prosequi* does not appear to have been presented to this court for decision, courts of other jurisdictions have sustained it as a proper

exercise of judicial power. In *State* v. *Lonon,* 331 Mo. 591, the court observed: "Courts of general jurisdiction have inherent authority, during the term, to vacate any judgment or order that may have been made at that term. This was the rule at common law and prevails in most jurisdictions. [Citations.] Considering, then, that a court has the inherent power to set aside judgments and orders made during the term, can any sound argument be advanced why a court has not the power to set aside a dismissal of an indictment or information and reinstate the case during the term at which the dismissal was entered? The general rule is that a *nolle prosequi* or a dismissal of a criminal charge, if made prior to the time a jury is impaneled and sworn, is not a bar to a subsequent prosecution for the same offense. [Citations.] There is no difference, so far as the defendant's rights are concerned, whether after the dismissal of a charge, a new information or indictment is filed or the order of dismissal set aside and defendant tried on the old information or indictment. * * * An order of dismissal or a *nolle prosequi* in a criminal case may be set aside during the term at which the order is made; an *alias capias* ordered issued and defendant tried on the original information or indictment."

In *United States* v. *Rossi,* 39 Fed. 2d 432, the Circuit Court of Appeals for the Ninth Circuit said: "It is within the power of the district attorney to move to dismiss or enter a *nolle prosequi* as to one or more of the several counts of an indictment or as to part of a count or indictment which is divisible. [Citations.] A *nolle prosequi* is not a bar to a second indictment covering the same matter, but it does terminate the proceedings in which the *nolle prosequi* occurs. [Citations.] The latter rule, however, is subject to the power of the court over its own orders within term, *Cisson* v. *United States,* (C.C.A.) 37 F. 2d 330, limited only by the necessity of affording adequate protection to the rights of the defendant affected."

*State* v. *Nutting,* 39 Me. 359, is analogous. There, the court held that the entrance of a *nolle prosequi* to a part of the indictment, during trial, did not prevent the vacation of the order therefor at the same trial and term, in order to proceed with the whole indictment, where the defendant had not been discharged and was not otherwise prejudiced.

The Supreme Court of Texas, in *Parry* v. *State,* 21 Tex. 746, stated: "It is said by Mr. Wharton that, at Common Law, a *nolle prosequi* may be at any time retracted, and is not only no bar to a subsequent prosecution on another indictment, but may be so far canceled as to require proceedings on the original bill. (Whart. Am. Cr. L. 514.) We see nothing to prevent the defendant from consenting that the entry be set aside during the Term; as the record abundantly shows he did."

A similar conclusion was reached in *Condos* v. *Superior Court,* 29 Ariz. 186. *People* v. *Caponetto,* 359 Ill. 41, is to the same effect.

From the foregoing, the following well-settled principles are deducible: Where, in a criminal proceeding, the prosecuting attorney causes the entrance of an unconditional *nolle prosequi* or a dismissal of the indictment at one term of court, the proceeding is terminated, and the same indictment cannot be reinstated at a subsequent term and prosecution thereon resumed. (*State* v. *Veterans of Foreign Wars,* 223 Iowa 1146; 14 Am. Jur., Criminal Law, sec. 295.) Conversely, it is well established that there may be reinstatement of indictments while the court has control of the prosecution, as where it is done during the same term at which the *nolle prosequi* or dismissal was entered. (112 A.L.R. 386, 388.) Here, defendant had not been discharged and, so far as the common-law record discloses, was not otherwise prejudiced. The trial court, on January 18, 1934, had jurisdiction to vacate the order entered six days earlier *nolle prossing* the burglary charge.

We are constrained to observe that although the procedure was legal, it cannot be commended.

Moreover, the record further discloses that on January 18, 1934, the order setting aside the previous judgment and reinstating the burglary charge was entered into "by agreement of the parties." It follows that, the court having jurisdiction of the parties and the subject matter, defendant was not denied due process. The constitutional guaranties with respect to the conduct of criminal trials can be waived and, when so waived, the consequences of the waiver are binding upon the accused. (*People* v. *Lawrence*, 390 Ill. 499; *People* v. *Popescue*, 345 Ill. 142.) Defendant, accordingly, is now in no position to urge the illegality of the proceeding since it affirmatively appears that he consented to entry of the order of January 18, 1934.

The judgment of the circuit court of St. Clair county is affirmed.

*Judgment affirmed.*