THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DEBRA H. NEWELL, Defendant-Appellee.

Third District   No. 79-368

Opinion filed April 15, 1980.—Rehearing denied May 15, 1980.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Dennis A. DePorter and Michael J. Warner, both of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the People of the State of Illinois, hereinafter referred to as the State, from the dismissal of an indictment of the defendant, Debra Newell, for prostitution. Earlier, on or about November 21, 1978, a complaint was filed in the Circuit Court of Rock Island County, alleging that on November 10, 1978, the defendant committed the offense of prostitution by agreeing to perform an act of sexual intercourse with Gary Hoegner for $75. Thereafter, the defendant's counsel consulted with the assistant state's attorney in charge of the case and advised him that he did not believe the defendant was guilty of the crime. The assistant state's attorney indicated that his office would investigate further, and on or about December 18, 1978, on the State's motion, the trial court dismissed the complaint.

Several days later, the assistant state's attorney advised the defendant's counsel that law enforcement officials were dismayed that the State had moved to dismiss the complaint against the defendant. Therefore, the State requested a reinstatement of the complaint, and the trial court crossed out the dismissal order on the docket and reset the matter generally for trial pursuant to the State's motion to reinstate the charge.

On January 5, 1979, the defendant filed a motion to dismiss the complaint since the cause had been dismissed previously and to try the defendant would be a violation of the prohibition against placing a defendant twice in jeopardy for the same offense. On January 11, 1979, the defendant's motion was granted by the trial court, and the cause was again dismissed. From this dismissal, the State took no appeal.

Instead on March 28, 1979, the defendant was indicted for the same act as had been alleged in the complaint. The facts upon which the indictment was based are the same facts upon which the dismissed complaint had been based. Based on this fact, the defendant filed a motion to dismiss the indictment, alleging that the prosecution of the defendant was barred by the provision against double jeopardy. On May 3, 1979, following argument by counsel, the trial court dismissed the indictment.

The prohibition against placing a person twice in jeopardy for the same offense is expressed by the double jeopardy clause of the fifth amendment to the United States Constitution as well as by a similar provision in the Illinois Constitution. (Ill. Const. 1970, art. 1, §10.) Traditionally, jeopardy has been seen as attaching either when the jury is impanelled, in a jury trial, or when the trial court begins to hear evidence, in a nonjury or bench trial. (*Serfass v. United States* (1975), 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055.) The Illinois legislature has embodied this case law in a statute, of which the portion relevant to this appeal is:

> "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>> (1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or
>> (2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution; or
>> (3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court." Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a).

■■ Since jeopardy does not generally attach until a defendant has been placed before the trier of fact (*Serfass v. United States* (1975), 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055), a prosecutor may decide not to prosecute, at that moment, and plead *nolle prosequi* before jeopardy

attaches. When this occurs, subsequent prosecution for the same offense is not barred. *People v. Garcia* (1972), 7 Ill. App. 3d 742, 288 N.E.2d 637. ■ While a pleading not formally entitled as a *nolle prosequi* may be considered to be such a pleading in substance (22A C.J.S. *Criminal Law* §456 (1961); 14A Ill. L. & Prac. *Criminal Law* §209 (1968)), a plea of *nolle prosequi* and dismissal with prejudice are quite different in effect, in that a dismissal with prejudice will foreclose the filing of a second indictment on the same charge (*Spriggs v. United States* (9th Cir. 1955), 225 F.2d 865). ■ No decision need be made, however, of whether the instant appeal involved a *nolle prosequi* or a dismissal with prejudice. Although a *nolle prosequi* filed before jeopardy attaches does not bar another prosecution for the same offense, that second prosecution must be instituted in the same term and can not be reinstated in a subsequent term. *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265; 21 Am. Jur. 2d §513 (1965).

In short, a person can not be threatened with prosecution at the whim of the prosecutor indefinitely. This philosophy is also reflected in decisions by courts of Illinois concerning prejudicial, pre-indictment delay (see *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244), pre-preliminary hearing delay (*People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540), and post-indictment, pre-arrest delay (*People v. Nichols* (1978), 60 Ill. App. 3d 919, 377 N.E.2d 815), as well as the legislated policy concerning post-arrest, pretrial delay (Ill. Rev. Stat. 1977, ch. 38, par. 103—5).

In the case at bar, after having the charges dismissed, the prosecutor, within term time, attempted to have the charges reinstated. Apparently, the trial court did not consider the original dismissal to be the equivalent of a plea of *nolle prosequi.* But even if, assuming for the sake of argument, this court was convinced that the original dismissal was, in substance, a plea of *nolle prosequi,* the State's argument here must nevertheless fail. ■ When the trial court, in effect, rejected the reinstatement of the charges, the State took no appeal. Instead, after term time had run, the defendant was indicted for the same charge, based on the same set of facts. As a result, the trial court's dismissal of the indictment was proper.

The State calls our attention to this court's decision in *People v. Deems* (1979), 74 Ill. App. 3d 543, 392 N.E.2d 1118, *appeal allowed* (1979), 79 Ill. 2d 622. In *Deems*, this court determined that the trial court improperly refused to accept the State's motion to dismiss the indictment, with leave to reinstate. This motion was presented because the indictment was defective, alleging a violation of the incorrect subsection of the theft statute. After refusing to allow the State to dismiss its indictment, the trial court found the defendant not guilty. The next day, well within term time, a second indictment was returned. Subsequently, this second

indictment was also dismissed by the trial court. A timely appeal was taken from all of these actions by the trial court.

In the majority opinion filed in *Deems*, the trial court's action on the first indictment was determined to be an improper dismissal with prejudice, and since jeopardy was found not to have attached, the cause was remanded. Here, the original charge was not alleged to have been defective, and it was dismissed at the request of the State. While the refusal to reinstate the charges may have been error, that issue was not raised in a timely appeal, and the same charge against the defendant was presented in an indictment returned after term time had run on the earlier trial court actions. On these facts, *Deems* is distinguishable.

Taken with the case were motions filed by the State to strike that document filed in the appellate court entitled "Defendant's Statement of Facts." The State argues that this document is neither a stipulated statement of facts nor a bystander's report. Since the defendant has filed no objection to the State's motion and since this filing is unnecessary to the disposition of this cause, the motion to strike the "Defendant's Statement of Facts" is allowed.

For the reasons stated, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.