THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DIANA ZEIGLER *et al.*, Defendants-Appellees.

Second District    No. 81-740

Opinion filed June 2, 1982.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Locke, Tellefsen & Learn, of Glen Ellyn, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The five defendants in this consolidated appeal were each charged by separate complaints filed in the circuit court of Du Page County. Defendant Wolski was charged with keeping a gambling place (Ill. Rev. Stat. 1979, ch. 38, par. 28—3), and the other four defendants were each charged with the offense of gambling (Ill. Rev. Stat. 1979, ch. 38, par. 28—1(a)(1)). All are Class A misdemeanors. Defendants' motions to quash arrest and suppress evidence in each of the cases were consolidated for hearing, and, on August 24, 1981, were granted by the trial court. On that same date, the trial court, on motion of the State, entered an order of nol pros in each case.

On September 23, 1981, the State filed in each of the cases its notice of appeal of the trial court's interlocutory order of August 24, 1981, quashing the arrests and suppressing the evidence. Defendant Wolski has now moved to dismiss the appeal. After consideration of defendant's motion and of the objections of the State thereto, we grant the motion to dismiss.

■■■ A review of the record in these cases discloses that on September

16, 1981, the State moved to vacate the orders of nol pros and to reconsider the defendants' motion to quash the arrests and suppress the evidence. While a nol pros can be vacated allowing the original prosecution to proceed (*People v. Watson* (1946), 394 Ill. 177, 182, *cert. denied* (1946), 329 U.S. 769, 91 L. Ed. 662, 67 S. Ct. 130), the trial court in this case denied the State's motion to vacate the orders of nol pros on September 16. Though a trial court's refusal to reinstate charges after a dismissal of the original complaint on the State's motion can be appealed (see *People v. Newell* (1980), 83 Ill. App. 3d 133, 136), the State did not appeal either the order that nol prossed each of the cases or the order denying the motion to vacate the orders of nol pros. The orders disposed of all matters then pending before the court. Having failed to appeal from these final orders, the State cannot now appeal from an order entered during the pendency of that matter.

The State contends that it can appeal the interlocutory orders of August 24, 1981, because at the time it filed its notice of appeal those charges had been reinstated by informations filed in each case on September 17, 1981. We do not question that the State could file an indictment or information after a nol pros of the original complaint, but such action would represent the commencement of a new and distinct criminal proceeding. (*People v. Eisele* (1979), 77 Ill. App. 3d 766, 769.) It would in no way revive the prior proceeding.

In the case at bar, the State failed to appeal from the final order entered by the trial court that nol prossed the complaints or the order denying the motion to vacate. The State cannot appeal, as it attempts to do here, from a non-final order entered during the pendency of that matter. Therefore, the consolidated appeals of case No. 80 CM 6172 People v. Zeigler, case No. 80 CM 6173 People v. Hansen, case No. 80 CM 6174 People v. Wolski, case No. 80 CM 6175 People v. Brooks and case No. 80 CM 6176 People v. Dvorak, all in the circuit court of the Eighteenth Judicial Circuit, are dismissed.

Appeal dismissed.

NASH and UNVERZAGT, JJ., concur.