THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAVID MATUCK, Defendant-Appellee.

Second District   No. 2—88—0060

Opinion filed September 15, 1988.

Philip L. DiMarzio, State's Attorney, of Sycamore (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

On July 21, 1987, defendant, David E. Matuck, was charged with the offense of battery pursuant to section 12—3(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 12—3(a)(1)). A public defender was appointed on August 14, 1987, and on August 24, 1987, he filed an appearance and a demand for speedy trial. He subsequently withdrew from the case, and a new public defender was appointed on September 22, 1987. The cause was continued for status review to September 29, 1987. On that date, defendant moved to continue the case to October 20, 1987, for further status review. On Oc-

tober 20, 1987, the case was set for a bench trial on November 17, 1987.

When the cause was called for trial on November 17, 1987, the State advised the court and defense counsel that the complaining witness was not present in court. (At a later hearing, the State informed the court that the complaining witness had not been available because the prosecutor's office had failed to notify the witness of the trial date.) The State requested a continuance of the trial based on the unavailability of the witness. The defense objected, and the trial court denied the motion for a continuance. The State's Attorney then moved that the cause be dismissed with leave to refile. The cause was dismissed on motion of the State.

On November 29, 1987, the State filed a motion to reinstate the complaint which was subsequently heard on December 3, 1987. The State argued that a material witness had been unavailable for trial and a continuance was denied so that the State was forced to dismiss without prejudice. Defense counsel objected, stating that his client was from out of town, that his client and two witnesses were present and ready for bench trial on November 17, 1987, and that his client would be prejudiced by reinstatement of the cause. Defendant is from St. Charles, Illinois. The State's motion to reinstate was denied. On December 17, 1987, the State filed a motion to reconsider the denial of the motion to reinstate. The motion was heard on December 24, 1987. At that time, defense counsel conceded that jeopardy had not attached and that the speedy trial demand was not violated. Defense counsel then argued that a motion to reconsider was only proper if there was new evidence. The trial judge denied the motion for reconsideration because no new evidence had been presented.

■ We are presented with the issue of whether the trial court erred in refusing to reinstate the complaint. A trial court's refusal to reinstate charges after a dismissal of the original complaint on the State's motion can be appealed. (*People v. Zeigler* (1982), 106 Ill. App. 3d 783, 784.) A State's motion to dismiss and a motion to nol-pros are equivalent. *People v. Verstat* (1983), 112 Ill. App. 3d 90, 103.

■ The State's Attorney has the discretion both to commence a prosecution and nol-pros a charge provided, however, that his actions are not vexatious or repetitious. (See *Verstat*, 112 Ill. App. 3d at 104.) Having examined the record and the agreed statement of facts, we find there is no evidence that the State was proceeding in a vexatious or repetitious manner. Defendant has not demonstrated any prejudice, and there is no indication in the record of intentional delay or harassment by the prosecution. By denying the State's motion to refile the

charges, the trial judge converted the order granting the dismissal or *nolle prosequi* into a dismissal with prejudice.

The trial date was set approximately five months after the date defendant was first charged. During that time, the State had not moved for a single continuance and had not made any previous motions to nol-pros. All parties were in agreement that jeopardy had not attached and that defendant's speedy trial demand was not violated. Even if the prosecution could be faulted for neglecting to notify the complaining witness, the refusal to reinstate is an extreme sanction against the public. (See *People v. Rudi* (1984), 103 Ill. 2d 216, 222.) There is no statutory authority to dismiss a complaint merely because the State failed to proceed after denial of a motion for continuance. (*Verstat*, 112 Ill. App. 3d at 100-01.) The trial court's decision effectively converted an order granting the State's motion to nol-pros into a dismissal with prejudice.

In *Verstat*, the State appealed from judgments of "acquittal" in 11 cases. (112 Ill. App. 3d at 91.) The "trials" were essentially the same where, upon the trial court's denial of the State's motion for continuance in most cases and denial of motion to nol-pros in all 11 cases, the court found defendant not guilty after an artificial trial. (See 112 Ill. App. 3d at 96-97.) The court in *Verstat* pointed out:

> "There is no statutory authority to dismiss an indictment, information or complaint on the basis of the failure of the State to proceed after the denial of its motion for continuance since that is not one of the grounds listed for dismissal in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1). [Citation.] It has also been held that the court on its own motion before trial cannot dismiss a charge for want of prosecution where the State fails to appear [citation], or where a State motion for continuance joined by the defendant has been denied. [Citation.] The amendment to subsection (e) of section 114—4, yet untested in any Illinois reviewing court and which purports to authorize a dismissal for the State's failure to use due diligence in bringing a case to trial, is inapplicable here since it applies to indictments and informations." (112 Ill. App. 3d at 100-01.)

The *Verstat* court, although not considering a motion to reinstate, presented a helpful discussion on continuances, *nolle prosequi*, and the relation of the discretion of the court and the State's Attorney:

> "It has been held that the statutory authority of the State's Attorney to prosecute impliedly confers authority to nol-pros when, in his judgment, the prosecution should not continue. [Ci-

tations.] Were courts given any broader discretion than what we have determined above, the result would tend to restrict the statutory authority reposed in the State's Attorney. This conclusion does not render the court without power to control its calendar since it still has inherent contempt powers for wilful violations of its orders." 112 Ill. App. 3d at 104-05.

For the foregoing reasons, the order of the circuit court is reversed and the cause is remanded with directions to reinstate the complaint and for trial.

Reversed and remanded with instructions.

LINDBERG, P.J., and UNVERZAGT, J., concur.