THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MICHAEL DeBLIECK, Defendant-Appellee.

Second District   No. 2—88—0026

Opinion filed April 13, 1989.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Karen M. Lavin, of McHenry, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)) from an order of the circuit court of McHenry County denying its motion to "reinstate" a charge against defendant, Michael DeBlieck, and reconsider the court's ruling quashing defendant's arrest and suppressing evidence. The State contends that: (1) the trial court erred in denying its motion to "reinstate" a charge for driving while under the influence which was previously nol-prossed by the State; (2) the finding that defendant was improperly detained and placed under arrest was against the manifest weight of the evidence; (3) the police officer had authority to arrest defendant as a private citizen; and (4) the evidence obtained after defendant was detained should not have been suppressed. For the reasons set forth below, we reverse and remand for further proceedings.

The following facts were established at the hearing on defendant's

motion to quash arrest and suppress evidence. On August 23, 1986, Sergeant Keith Klein of the Harvard police department was on duty when he received a radio report that the McHenry County sheriff's department was requesting assistance from the Harvard police department at the scene of a hit-and-run accident on Route 14. The sheriff's department described the hit-and-run vehicle as a black Corvette. Sergeant Klein ordered another unit to the scene and then responded himself.

While on route to the scene, Sergeant Klein observed a black Corvette parked on the shoulder of Oak Grove Road, just off Route 14. According to Sergeant Klein, the car was partially on the roadway and was covered in corn stalks and dust. The location of the car was controverted by defendant and his companion, Glen Kellenberger, who testified that the car was completely on the shoulder. Sergeant Klein parked behind the Corvette and exited his squad car to speak to defendant and his companion.

Pursuant to Sergeant Klein's inquiry, defendant identified himself as the owner of the car and stated that he had been involved in an accident. Defendant told Sergeant Klein that he was traveling southbound on Route 14 when another car cut him off, causing him to lose control of his car and drive into a cornfield. Sergeant Klein advised defendant that he was assisting the McHenry County sheriff's department with the accident investigation and asked him to sit in the squad car until the county sheriff arrived. While defendant waited in Sergeant Klein's squad car, a second officer from the Harvard police department arrived and transported defendant's companion to another location. This was controverted by defendant and his companion, who testified that both defendant and the companion waited in Sergeant Klein's squad car.

Deputy sheriff Vernon Holm arrived within 20 minutes and asked Sergeant Klein to remain with defendant while he completed his investigation of the accident scene. Holm returned approximately 30 to 45 minutes later and told Sergeant Klein that he could leave. Holm testified that he had defendant sit in his squad car while he filled out an accident report and noted that defendant exhibited signs of intoxication. Holm subsequently performed field sobriety tests on defendant and arrested him for driving while under the influence of alcohol (DUI).

The trial court concluded that Sergeant Klein's actions constituted an arrest and granted defendant's motion to quash the arrest and suppress evidence on the basis that Sergeant Klein did not have the authority to arrest defendant. The State then nol-prossed the DUI charge.

On January 6, 1988, 15 days after the State nol-prossed the DUI charge, the State filed its "MOTION FOR RECONSIDERATION OF COURT ORDER QUASHING THE ARREST AND SUPPRESSION OF EVIDENCE, AND MOTION TO REINSTATE CHARGES." In that pleading, the State moved "that the People be allowed to reinstate the charge of Driving Under the Influence of Alcohol." However, in its prayer for relief, the State requested that the court "grant the State leave to *refile*" the DUI charge. (Emphasis added.) The State represented that if the court denied its motion for reconsideration of the order quashing the arrest and suppressing evidence, the State's "appeal efforts would be thwarted without the reinstatement" of the DUI charge. The court denied the State's motion, and this appeal followed.

■ The State first contends that the trial court erred in denying its motion to "reinstate" the DUI charge against defendant. In addressing this contention, we believe it necessary to comment on a confusing, albeit prevalent practice in the criminal courts concerning dismissals obtained by the State.

It has been held that a prosecutor's statutory authority to prosecute impliedly confers authority to nol-pros a charge when, in his judgment, the prosecution should not continue. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 104; see also *People v. Matuck* (1988), 174 Ill. App. 3d 592, 593.) A *nolle prosequi* is the formal entry of record by the prosecuting attorney by which he declares that he is unwilling to prosecute a case. (21 Am. Jur. 2d *Criminal Law* §512 (1981).) The nature of a *nolle prosequi* was explained by our supreme court in *People v. Watson* (1946), 394 Ill. 177, 179. The *Watson* court stated:

> " 'A *nolle-prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution.' [Citation.] Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense." (394 Ill. at 179.)

Thus, where charges against a defendant are nol-prossed before jeopardy attaches, the State is entitled to refile the charges against the defendant. See *Watson*, 394 Ill. at 179; *People v. Mooar* (1981), 92 Ill.

App. 3d 852, 853.

██ Notwithstanding the prosecutor's right to refile charges previously nol-prossed against a defendant, a trend has apparently arisen in our criminal courts whereby the prosecutor brings a "motion to reinstate" a charge after it has been nol-prossed. (See *Matuck*, 174 Ill. App. 3d at 593.) This trend is not unlike a practice utilized in Cook County, although not sanctioned by statute, by which the prosecutor moves to strike the criminal charges with leave to reinstate (commonly referred to as an SOL). (See *People v. Sanders* (1980), 86 Ill. App. 3d 457, 466; see also *People v. Rodgers* (1982), 106 Ill. App. 3d 741, 746 (Reinhard, J., dissenting).) The substantive differences between the effect of a *nolle prosequi* and an SOL were discussed at great length in *Sanders*. (*Sanders*, 86 Ill. App. 3d at 467-69.) The *Sanders* court noted that in the case of an SOL, the charge continues to lie against the accused and may be resurrected upon the State's motion at any time. (86 Ill. App. 3d at 467.) In distinguishing the two procedures, the court stated:

> "As already noted, when a charge is SOL'd, it continues to lie against the defendant in a dormant state. The prosecution is not terminated and may be reinstated at any time upon the State's motion. The *nolle pros* terminates the charge and requires the institution of a new and separate proceeding to prosecute a defendant for that offense. *** After an SOL, a defendant would still be charged with the offense, while after a *nolle pros* that charge would be terminated. When a charge is nolle prossed and the defendant released from custody without bond, there is no charge pending against him." (86 Ill. App. 3d at 469.)

Justice Reinhard similarly noted the distinction between these procedures in *Rodgers*, where he stated that while the SOL procedure appeared to be an administrative method of avoiding the necessity of filing an additional charge, it is also significantly different from the *nolle prosequi* since the charge continues to lie against the defendant albeit in a dormant state. (*Rodgers*, 106 Ill. App. 3d at 747 (Reinhard, J., dissenting).) Accordingly, it can be seen that once a charge has been nol-prossed by the State, it cannot be "reinstated" because there is no charge pending to reinstate. *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 1029; see also *Sanders*, 86 Ill. App. 3d at 469.

Admittedly, this conclusion appears to be in conflict with some prior cases cited by the State, including a recent decision of this court which provides that a trial court's refusal to "reinstate" charges after a dismissal of the original complaint on the State's motion can be ap-

pealed. (See *People v. Matuck* (1988), 174 Ill. App. 3d 592, 593; *People v. Zeigler* (1982), 106 Ill. App. 3d 783, 784; *People v. Marbly* (1980), 85 Ill. App. 3d 935, 937.) All of these cases are reconcilable. *Marbly* involved an appeal from the trial court's denial of a motion to reinstate after an SOL and is therefore clearly distinguishable. (*Marbly*, 85 Ill. App. 3d at 936.) The remaining cases can be traced back to our supreme court's decision in *People v. Watson* (1946), 394 Ill. 177. The *Watson* court characterized the issue before it as whether the trial court had jurisdiction to set aside a previous order of *nolle prosequi* and "reinstate" a burglary charge. (394 Ill. at 179.) The court observed that other jurisdictions had found the procedure of vacature and reinstatement proper, stating:

> "Where, in a criminal proceeding, the prosecuting attorney causes the entrance of an unconditional *nolle prosequi* or a dismissal of the indictment at one term of court, the proceeding is terminated, and the same indictment cannot be reinstated at a subsequent term and prosecution thereon resumed. [Citations.] Conversely, it is well established that there may be reinstatement of indictments while the court has control of the prosecution, as where it is done during the same term at which the *nolle prosequi* or dismissal was entered. [Citation.] Here, defendant had not been discharged and, so far as the common-law record discloses, was not otherwise prejudiced. The trial court *** had jurisdiction to vacate the order entered six days earlier *nolle prossing* the burglary charge." (394 Ill. at 182.)

Thus, while the normal procedure following a *nolle prosequi* is for the State to *refile* the dismissed charge, *Watson* recognized the validity of the State moving to vacate the *nolle prosequi* and have the original charge reinstated for further prosecution. 394 Ill. at 182; see also *People v. Zeigler* (1982), 106 Ill. App. 3d 783, 784; *People v. Wolsk* (1983), 118 Ill. App. 3d 112, 115.

From the foregoing, it becomes apparent that reinstatement of a charge after a *nolle prosequi* first requires that the *nolle prosequi* be vacated. (*Watson*, 394 Ill. at 182; *Zeigler*, 106 Ill. App. 3d at 784.) However, while the *Watson* court recognized this procedure, it expressly disfavored its use. (*Watson*, 394 Ill. at 183.) We must agree with our supreme court's condemnation of this procedure since, in our opinion, it is responsible for the confusion regarding the effect of a *nolle prosequi*. This confusion is evidenced by our recent decision in *People v. Matuck* (1988), 174 Ill. App. 3d 592. In *Matuck*, this court reiterated the rule that a trial court's refusal to reinstate charges after a dismissal of the original complaint on the State's motion can be

appealed. (174 Ill. App. 3d at 593.) However, on reexamination it is not clear from the facts of that opinion whether the dismissal was in the nature of an SOL or a *nolle prosequi*. (174 Ill. App. 3d at 593-94.) Moreover, the State's subsequent motion was characterized as both a motion to "reinstate the complaint" and a motion to "refile the charges." (174 Ill. App. 3d at 593-94.) If the dismissal was a *nolle prosequi*, the State could either refile the complaint or move to vacate the *nolle prosequi*, have the original charge reinstated, and proceed on the original charge. Although there was no motion to vacate the *nolle prosequi*, it nonetheless appears that the *Matuck* court interpreted the State's motion as a motion to vacate the *nolle prosequi* and reinstate the original charge. 174 Ill. App. 3d at 594-95.

The instant action provides us with an equally confusing set of procedural facts. It is clear from the record that the State nol-prossed the DUI charge after the trial court granted defendant's motion to quash arrest and suppress evidence. It is equally clear that the State subsequently moved to "reinstate" the charge. However, because the *nolle prosequi* was not vacated, there was no charge to "reinstate." (*Watson*, 394 Ill. at 182; *Zeigler*, 106 Ill. App. 3d at 784; see *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 1029; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 469.) We will not continue to perpetuate the apparent misconception that a charge can be "reinstated" after a *nolle prosequi* by considering the State's motion in this case as a "motion to vacate the *nolle prosequi* and reinstate." However, we note that in the prayer for relief portion of the State's motion, the State specifically prays that the court "reconsider its order suppressing the evidence and further grant the State leave to *refile* the Driving Under the Influence of Alcohol charge." (Emphasis added.) Although the State need not ordinarily seek leave of court to *refile* a charge after it has been nol-prossed, we construe its motion in this case to be such a request. The State should not be barred from proceeding on a refiled charge absent a showing of harassment, bad faith, or fundamental unfairness. See *People v. Valenzuela* (1989), 180 Ill. App. 3d 671, 675-76; see also *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 289.

Here, the State nol-prossed the DUI charge immediately after the court granted defendant's motion to quash his arrest and suppress evidence. Within 15 days of that ruling, the State filed its motion seeking reconsideration of the court's ruling quashing defendant's arrest and suppressing evidence, and requested leave to *refile* the DUI charge. We can discern no evidence from the record, nor did the trial court make any finding indicating that the State's actions were in bad

faith or with the intent to harass defendant. Similarly, the record does not reflect any fundamental unfairness to defendant in allowing the State to refile the DUI charge.

Accordingly, we hold that the trial court erred in denying the State's motion seeking leave to refile the DUI charge.

■ The State next contends that the trial court's finding that Sergeant Klein had improperly detained and arrested defendant was against the manifest weight of the evidence. We agree.

The standard for appellate review of a motion to suppress is whether the trial court's ruling was clearly erroneous. (*People v. Clark* (1982), 92 Ill. 2d 96, 99; *People v. Wingren* (1988), 167 Ill. App. 3d 313, 319.) In a hearing on a motion to suppress evidence, the defendant has the burden of proof that the evidence was the product of illegal police activity. *Wingren,* 167 Ill. App. 3d at 319.

In the instant action, defendant argued and the trial court found that Sergeant Klein's detention of defendant constituted an arrest and was improper because Sergeant Klein was out of his jurisdiction at the time. Generally, a public officer appointed as a conservator of the peace for a particular county or municipality does not have authority to apprehend offenders beyond the boundaries of the county or district for which he is appointed unless authorized by statute. (5 Am. Jur. 2d *Arrest* §50 (1962).) The only exception to this rule under the common law is where the arresting officer is in hot pursuit of a suspected felon fleeing from the officer's own territory. (See *People v. Bains* (1987), 152 Ill. App. 3d 951, 953; *People v. Marino* (1980), 80 Ill. App. 3d 657, 661.) As applied to officers of adjoining municipalities, this rule has been modified by sections 7—4—7 and 7—4—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, pars. 7—4—7, 7—4—8). (See *Bains,* 152 Ill. App. 3d at 953-54.) Sections 7—4—7 and 7—4—8 provide that the territory embraced by the corporate limits of adjoining municipalities in the same county constitutes a single police district and police of any municipality in the district may go into any part of the district to preserve peace. Ill. Rev. Stat. 1987, ch. 24, pars. 7—4—7, 7—4—8; see also Ill. Rev. Stat. 1987, ch. 24, par. 11—1—2.1 (authorizing police of municipalities to enter into agreements to furnish each other with assistance on request).

■ Of course, the instant action does not involve adjoining municipalities, but rather a police officer from a municipality entering the unincorporated portion of the county in which the municipality is located to assist the county authorities at an accident scene. No specific provision has been made by the legislature for municipal and county cooperation, and sections 7—4—7 and 7—4—8 do not confer authority

for the arrest in the instant action. (See *People v. O'Connor* (1988), 167 Ill. App. 3d 42, 44-45.) Nonetheless, we find sufficient statutory authority for the officer's actions in this case. Section 17 of "An Act to revise the law in relation to sheriffs" (Sheriff's Act) (Ill. Rev. Stat. 1987, ch. 125, par. 17) provides:

> "Each sheriff shall be conservator of the peace in his or her county, and shall keep the same, suppress riots, routs, affrays, fighting, breaches of the peace, and prevent crime; and may arrest offenders on view, and cause them to be brought before the proper court for trial or examination."

Section 18 of the Sheriff's Act provides:

> "To keep the peace, prevent crime, or to execute any warrant, process, order or judgment he or she may call to his or her aid, when necessary, any person or the power of the county." (Ill. Rev. Stat. 1987, ch. 125, par. 18.)

A person summoned by the sheriff exercises the same powers as the sheriff. See *Main v. McCarty* (1854), 15 Ill. 441, 442-43; see also Ill. Rev. Stat. 1987, ch. 38, par. 107—8(b).

Here, Sergeant Klein was responding to a request from the McHenry County sheriff's department for assistance in responding to a hit-and-run accident that occurred in an unincorporated portion of McHenry County. Therefore, Klein, having been summoned by the sheriff, exercised the same powers as the sheriff and had authority to detain defendant. Our resolution of this issue makes it unnecessary to consider the other issues raised by the State.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.