# Illinois Official Reports

## Appellate Court

---

### *People v. Shinaul*, 2015 IL App (1st) 140477

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CORNELIUS SHINAUL, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-14-0477 |
| Opinion filed<br>Rehearing denied<br>Supplemental opinion<br>Filed | October 5, 2015<br>October 23, 2015<br><br>October 26, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-6762; the Hon. Thomas M. Davy, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Caitlin A. Corcoran, Assistant State's Attorneys, of counsel), for the People.<br><br>Michael J. Pelletier, Alan D. Goldberg, and S. Amanda Ingram, all of State Appellate Defender's Office, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE LIU delivered the judgment of the court, with opinion.<br>Justice Neville concurred in the judgment and opinion.<br>Justice Pierce specially concurred, with opinion. |

**OPINION**

¶ 1        In 2009, defendant, Cornelius Shinaul, was charged with eight counts of aggravated unlawful use of a weapon (AUUW) and one count of unlawful possession of a firearm. He subsequently pleaded guilty to the AUUW offense under count I of the information, pursuant to section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)), and the State nol-prossed the remaining charges under counts II through IX. The trial court sentenced defendant to 24 months' probation for committing a Class 4 felony under the AUUW statute. In 2013, defendant brought a petition for relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), seeking to vacate the conviction on the basis that it was void under *People v. Aguilar*, 2013 IL 112116. In response, the State did not challenge the petition, but, instead, moved to reinstate counts II, IV, VI, and VIII of the 2009 information. Following a hearing, the trial court entered an order vacating defendant's conviction and allowing him to withdraw his plea, but denying the State's motion for reinstatement. The State appealed. We dismiss the appeal for lack of jurisdiction.

¶ 2                                    BACKGROUND

¶ 3        Defendant was 16 years old in February 2009, when he was arrested for various firearm possession offenses. On April 8, 2009, the State brought nine counts against him by information. In count I, the State alleged that defendant committed an AUUW offense by knowingly carrying, on or about his person, a firearm that was uncased, loaded, and immediately accessible, in violation of section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008). Counts II through VIII involved other offenses under other subsections of the AUUW statute, *e.g.*, knowingly carrying a firearm without a currently valid firearm owner's identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2008)). Count IX was based on the unlawful possession, by a person under the age of 18 years, of a firearm and firearm ammunition of a size which may be concealed upon the person (720 ILCS 5/24-3.1(a)(1) (West 2008)).

¶ 4        On June 2, 2009, as part of a negotiated plea agreement between defendant and the State following a Rule 402 conference (Ill. S. Ct. R. 402 (eff. July 1, 1997)), defendant pleaded guilty to count I of the information and the State agreed to enter a *nolle prosequi* on the remaining charges. Defendant was convicted of the AUUW offense under count I and was sentenced to 24 months' probation based on a Class 4 offense (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)). Defendant served and completed the full term of his sentence.

¶ 5        In September 2013, our supreme court ruled that "the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." *Aguilar*, 2013 IL 112116, ¶ 22; U.S. Const., amend. II. The particular section of the AUUW statute that was found unconstitutional by the court in *Aguilar* is the same statutory provision under which defendant was convicted and sentenced.

- 2 -

¶ 6      On October 28, 2013, defendant filed a petition to vacate his conviction pursuant to section 2-1401 of the Code.[1] In response, the State acknowledged that the conviction should be vacated because "the Illinois Supreme Court held [in *Aguilar*] that section 24-1.6(a)(1), (a)(3)(A) was facially unconstitutional"; however, it requested reinstatement of four of the charges (under counts II, IV, VI, and VIII) that were previously nol-prossed in the original 2009 criminal proceeding. These four charges involve alleged violations under the AUUW statute for possession of a firearm: (1) without a currently valid FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2008)); (2) while under the age of 21 (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2008)); (3) upon a public street without a valid FOID card (720 ILCS 5/24-1.6(a)(2), (a)(3)(C) (West 2008)); and (4) upon a public street while under 21 years of age (720 ILCS 5/24-1.6(a)(2), (a)(3)(I) (West 2008)).

¶ 7      On December 16, 2013, the trial court granted defendant's section 2-1401 petition and ordered that his conviction be vacated, and allowed defendant to withdraw his guilty plea. The court also denied the State's motion for reinstatement of the charges. During the hearing, the trial court explained that "no matter how many different theories the State may have had as far as aggravated unlawful use of weapons, we are talking about one singular gun," and because judgment had already been entered as to "the one gun involved in [defendant's] case," reinstatement of the charges that were nol-prossed by the State in 2009 would violate the one-act, one-crime rule. The State filed a motion to reconsider. Citing *People v. Hughes*, 2012 IL 112817, and *People v. McCutcheon*, 68 Ill. 2d 101 (1977), the State argued that the previously nol-prossed charges against defendant should be reinstated because: (1) the charges were dismissed before jeopardy attached; and (2) there was no constitutional or statutory limitations precluding the prosecution of defendant on those charges. The court denied the State's motion to reconsider on January 17, 2014. This appeal followed.

¶ 8                                                    ANALYSIS

¶ 9      Before we can address the State's arguments, we must determine whether we have jurisdiction to review this appeal. The State asserts that our jurisdiction is conferred under Illinois Supreme Court Rule 604(a)(1) (eff. Feb. 6, 2013). Defendant argues that jurisdiction does not exist because the trial court's order denying the motion to reinstate charges was not a ruling that had the substantive effect of a dismissal of the charges. Absent statutory exceptions, appellate courts lack jurisdiction to review orders, judgments and decrees that are not final. *People v. Schram*, 283 Ill. App. 3d 1056, 1060 (1996).

¶ 10     Rule 604(a), which sets forth the only grounds on which appeals may be brought by the State, provides as follows:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013).

---

[1]Defendant's request, styled as a "Motion to Vacate Conviction and Withdraw Guilty Plea," seeks relief from a void conviction under section 2-1401 of the Code, and we will treat it as a petition for relief from judgment.

Defendant first argues that the trial court's denial of the State's motion to reinstate the charges previously brought in the 2009 information is not a valid basis for appeal under Rule 604(a)(1) because the denial does not result in a dismissal of the charges. Second, he argues that section 114-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1 (West 2012)) does not apply because the statute requires that the dismissal result from a *defendant's* motion to dismiss. Finally, defendant also argues that dismissal of this appeal is required because "there is no case pending from which the State can appeal" because there were no active criminal charges remaining after the other counts were nol-prossed.

¶ 11    In response, the State argues that the trial court erred in denying reinstatement of the charges because no jeopardy attached to the previously nol-prossed charges. Quoting *People v. Norris*, 214 Ill. 2d 92, 104 (2005), the State asserts that "when a *nolle prosequi* is entered before jeopardy attaches, the State is entitled to refile the charges against the defendant." The State also relies on *People v. McCutcheon*, 68 Ill. 2d 101 (1977), for its contention that it is entitled to reinstate the nol-prossed counts when "there [was] no finding on the nolle'd counts."

¶ 12    Pursuant to Rule 604(a)(1), our jurisdictional authority exists in an appeal brought by the State only if the order or judgment at issue has the "substantive effect" of dismissing a charge on one of the "grounds enumerated in section 114-1 of the Code of Criminal Procedure." Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013); see also 725 ILCS 5/114-1 (West 2012). Section 114-1 sets forth specific grounds for dismissal of a charge, none of which are present in the case before us. Perhaps conceding this point, the State nonetheless contends that our supreme court has held that Rule 604(a)(1) "was not intended to reduce the State's right of appeal to only those grounds enumerated in section 114-1." *People v. Boyt*, 109 Ill. 2d 403, 411 (1985) (citing *People v. Lawson*, 67 Ill. 2d 449, 455 (1977)). "Rather, the State has the right to appeal from 'any judgment the substantive effect of which resulted in the dismissal of an indictment, information or complaint.' " *Boyt*, 109 Ill. 2d at 411 (quoting *People v. Love*, 39 Ill. 2d 436, 439 (1968)).

¶ 13    Even if we construe Rule 604(a)(1) broadly, as *Boyt* instructs, so as to include orders that result in the dismissal of a charge for *any* reason, we cannot reasonably interpret the trial court's denial of the State's motion for reinstatement of the charges as a disposition that bears the substantive effect of a "dismissal of an indictment, information or complaint." Here, the trial court denied the State's request to reinstate charges that were previously dismissed by a *nolle prosequi*. The State's comparison of this case to *McCutcheon* is unavailing. Unlike the situation in *McCutcheon*, where the reinstatement of nolle'd charges was permitted contemporaneous to a pending criminal proceeding on remand to the trial court, there was no pending proceeding here. The criminal prosecution against defendant based on the 2009 information ended when defendant was convicted on a single count in exchange for the State's entry of a *nolle prosequi* on the remaining charges and no appeal was taken by defendant. In contrast to the procedural posture of *McCutcheon*, there was no pending criminal proceeding before the trial court in this case; the sole matter before the court was defendant's section 2-1401 petition for relief from a void judgment. The denial of the reinstatement cannot be recast as a "dismissal of an indictment, information or complaint" because, simply put, there was no indictment, information or complaint pending before the court. See *People v. Aldama*, 366 Ill. App. 3d 724, 725 (2006) (dismissing appeal for lack of jurisdiction on the basis that Rule 604(a)(1), which is "the only source of any right

of the State to appeal in a criminal case, does not provide for an appeal when the court allows the defendant to withdraw a guilty plea"). As our supreme court has explained:

> "Once a charge is nol-prossed, the proceedings are *terminated with respect to the particular charge*, and the defendant is free to go ' "without entering into a recognizance to appear at any other time." ' [Citation.] A *nolle prosequi* is not an acquittal of the underlying conduct that served as the basis for the original charge but, rather, it leaves the matter *in the same condition as before the prosecution commenced.* [Citation.]" (Emphases added.) *People v. Hughes*, 2012 IL 112817, ¶ 23.

¶ 14    We find that the trial court entered no order or judgment on either December 16, 2013 or January 17, 2014 that had the substantive effect of dismissing any charges against defendant. Therefore, the State is not entitled to an appeal pursuant to Rule 604(a)(1).

¶ 15    Defendant has also presented an argument that reinstatement should not be permitted because (1) the statute of limitations has expired and (2) the State's motivation for reinstating the charges is grounded in vindictiveness and bad faith. The State has responded to each of these arguments. Because we lack jurisdiction to review this appeal, we do not reach these issues. In addition, we make no finding in this decision as to whether the State may commence a new proceeding or bring the subject charges in a new indictment or information "in the absence of any applicable constitutional or statutory limitations which a defendant may raise." *Hughes*, 2012 IL 112817, ¶ 25.

¶ 16    Appeal dismissed.

¶ 17    JUSTICE PIERCE, specially concurring.

¶ 18    I write separately to emphasize that because defendant filed a section 2-1401 (735 ILCS 5/2-1401 (West 2012)) petition to vacate his conviction, the trial court had jurisdiction to consider only whether the judgment of conviction was valid. The filing of the section 2-1401 petition was not a continuation of the original proceeding initiated by the State at the time of filing the nine-count criminal information in 2009. Rather, this criminal proceeding terminated 30 days after the acceptance of defendant's guilty plea on June 2, 2009, pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) and Rule 606(b) (eff. Mar. 20, 2009). To avoid any confusion or misunderstanding, I emphasize that the portion of the trial court's order of December 16, 2013 stating "and [d]efendant's guilty plea to count one is withdrawn" (see *supra* ¶ 7) is surplusage and of no force or effect, because under the clear terms of Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) (a written motion to reconsider or vacate a guilty plea must be filed within 30 days from date of sentence), the trial court had no jurisdiction to allow the defendant to withdraw his guilty plea. In all other respects, the order vacating defendant's conviction in light of *People v. Aguilar*, 2013 IL 112116, as the State concedes, was proper.

¶ 19    SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

¶ 20    After this court issued its opinion in this case, the State filed a petition for rehearing, arguing that, even if this court does not have jurisdiction under Rule 604(a), it has jurisdiction pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010). Under Rule 304(b)(3), an appeal may be taken from "[a] judgment or order granting or denying any

of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(3) (eff. Feb. 26, 2010). The State is mistaken in asserting jurisdiction under this rule. Here, the State is not appealing an order granting or denying a section 2-1401 petition; rather, it is appealing an order denying its motion to reinstate charges. The mere fact that two separate orders–one appealable and one nonappealable–are contained in the same document does not automatically render each order independently appealable. See *Coryell v. Village of La Grange*, 245 Ill. App. 3d 1, 5 (1993) (noting that "[a]ppealability of an order is determined by its substance rather than its form"). The State's argument is simply an attempt to shoehorn an improper appeal into one that would otherwise be appropriate. We therefore deny the State's petition for rehearing.