# Illinois Official Reports

## Appellate Court

---

### *People v. Daniels*, 2016 IL App (1st) 142130

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RONALD DANIELS, Petitioner-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-2130 |
| Filed<br>Rehearing denied | June 20, 2016<br>July 20, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-26780; the Hon. Joseph G. Kazmierski, Judge, presiding. |
| Judgment | Vacated. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Brian W. Carroll, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan Spellberg, John Nowak, and Sari London, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justices Connors and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Ronald Daniels was arrested on a city bus after Chicago police officers investigated a call reporting that an individual on that bus was carrying a weapon. Defendant was charged with six counts of aggravated unlawful use of a weapon (AUUW) and two counts of unlawful use of a weapon by a felon (UUWF). Defendant pled guilty to one charge of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004)) in exchange for a six-year prison sentence, and the State nol-prossed the remaining seven counts. After he completed his sentence, defendant filed a petition to vacate his conviction, which was denied. On appeal, defendant contends the trial court erred in denying his petition because section 24-1.6(a)(1), (a)(3)(B) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004)) was found facially unconstitutional in *People v. Aguilar*, 2013 IL 112116. The State agrees with defendant's position on that issue and asks this court to remand this cause to the trial court to reinstate six of the seven nol-prossed charges against defendant. For the following reasons, we vacate defendant's conviction and deny the State's request.

¶ 2                                                    BACKGROUND

¶ 3    Defendant was charged with six counts of AUUW (pursuant to various combinations of provisions of the AUUW statute, 720 ILCS 5/24-1.6 (West 2004)) and two counts of UUWF (720 ILCS 5/24-1.1(a) (West 2004)). On March 13, 2006, defendant pled guilty to count I: AUUW pursuant to section 24-1.6(a)(1), (a)(3)(B) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004)). At that hearing, the parties stipulated that, had this case gone to trial, evidence would have been presented establishing the following facts: at approximately 1 a.m. on November 6, 2005, Chicago police officers received a call informing them that a passenger on a southbound bus at 3258 South State Street was carrying a gun. A description of the passenger was provided to the police. The officers traveled to that location, curbed the bus, and boarded it. Defendant, who matched the description that had been provided to the officers, was sitting in the middle of the bus. The officers conducted a pat down of defendant and recovered an unloaded .38-caliber blue steel revolver and four live .38-caliber rounds in the weapon's case. Additionally, prior to these events, defendant had been convicted of the offense of delivery of a controlled substance.

¶ 4    Based on the foregoing, the trial court found a factual basis for defendant's guilty plea as to count I and entered judgment against him pursuant to subsection (a)(1), (a)(3)(B). The court also noted that because of defendant's prior felony conviction, this offense was a Class 2 felony. For the purposes of sentencing, the State provided evidence of defendant's two prior convictions for offenses classified as Class 2 felonies or greater, and defendant was sentenced as a Class X offender to six years' imprisonment. The State nol-prossed the remaining seven counts against defendant.

¶ 5    After completing his sentence, on January 2, 2014, defendant filed a petition in the circuit court of Cook County pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)) seeking to vacate his conviction.[1] In his petition, defendant claimed

_____

[1]Defendant titled this filing "Motion to Vacate the Conviction of Aggravated Unlawful Use of a Weapon." All subsequent filings by both parties before the trial court and before this court on appeal refer to it as defendant's "motion." Despite making no prior reference to the statutory authority for the

that under *People v. Aguilar*, 2013 IL 112116, section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) is unconstitutional and void *ab initio*, and therefore his conviction must be vacated. In response to defendant's petition, the State argued that *Aguilar* was limited in scope and did not hold void the AUUW provisions that prohibit the carrying of firearms by individuals previously convicted of felony offenses. In support, the State relied on *People v. Burns*, 2013 IL App (1st) 120929, *rev'd*, 2015 IL 117387, in which the appellate court found only the Class 4 version of the AUUW offense to be unconstitutional under *Aguilar*, while the Class 2 version of the offense remained enforceable. *Burns*, 2013 IL App (1st) 120929, ¶ 24. On March 11, 2014, defendant's petition to vacate his conviction was denied, and the trial court subsequently denied his motion to reconsider its denial. This timely appeal followed; accordingly, this court has jurisdiction to resolve this matter.

¶ 6                                    ANALYSIS

¶ 7     The sole issue defendant raises on appeal is whether his conviction pursuant to subsection (a)(1), (a)(3)(B) (720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004)) must be vacated because the statute is unconstitutional and void *ab initio*. Defendant argues that subsection (a)(1), (a)(3)(B), like subsection (a)(1), (a)(3)(A), which was found facially unconstitutional in *People v. Aguilar*, 2013 IL 112116, creates a "blanket ban on possessing ready-to-use firearms outside the home" and is likewise unconstitutional because it violates the right to keep and bear arms, as guaranteed by the second amendment of the United States Constitution (U.S. Const., amend. II). A facially unconstitutional statute is void *ab initio*, which means that it is unenforceable and inoperative as though it had never been passed. *People v. Blair*, 2013 IL 114122, ¶ 28. Defendant argues that his conviction under a facially unconstitutional statute is invalid and must be vacated. See *People v. Campbell*, 2013 IL App (4th) 120635, ¶¶ 14-16.

¶ 8     Shortly after defendant filed his opening brief on appeal, our supreme court filed *People v. Burns*, 2015 IL 117387, in which it held that section 24-1.6(d) of the Code (720 ILCS 5/24-1.6(d) (West 2008)), the sentencing provision of the AUUW statute, did not create "separate and distinct offenses" depending on whether the charge is classified as a Class 4 felony or a Class 2 felony. *Burns*, 2015 IL 117387, ¶¶ 22-24. The court stated that it had "improperly placed limiting language" on its holding in *Aguilar*, and clarified that subsection (a)(1), (a)(3)(A) is facially unconstitutional, without limitation. *Id.* ¶ 25. In accordance with our supreme court's decision in *Burns*, the State concedes that defendant's conviction pursuant to subsection (a)(1), (a)(3)(B) must be vacated.

¶ 9     Although *Aguilar* finds only subsection (a)(1), (a)(3)(A) to be facially unconstitutional, the parties are in agreement that the underlying rationale extends to defendant's conviction under subsection (a)(1), (a)(3)(B). Subsection (a)(1), (a)(3)(A) prohibits the possession of an uncased

---

filing of his "motion," defendant refers to the filing as a "section 2-1401 petition" for the first time in his reply brief. Agreeing with this characterization, we interpret defendant's January 2, 2014, filing to be a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)), and we will refer to it accordingly. We further note that at no point did the State ever challenge defendant's ability to file this "motion," and the State's response brief on appeal refers to defendant's challenge to his conviction as a "collateral proceeding," which suggests that their own understanding of defendant's "motion" is consistent with our interpretation.

firearm that is "loaded and immediately accessible," whereas subsection (a)(1), (a)(3)(B) prohibits the possession of an uncased firearm that is "unloaded and the ammunition for the weapon [is] immediately accessible." 720 ILCS 5/24-1.6(a)(1), (a)(3)(A); (a)(1), (a)(3)(B) (West 2004). A conclusion that subsection (a)(1), (a)(3)(B) is valid would illogically prohibit the possession of an *unloaded* gun in the same situation where, under *Aguilar*, the possession of a *loaded* gun is constitutionally protected. We believe the second amendment's protection of an individual's right to carry a loaded firearm naturally extends to protect an individual's right to carry an unloaded firearm with immediately accessible ammunition. Accordingly, we find subsection (a)(1), (a)(3)(B) constitutionally invalid based on *Aguilar*.

¶ 10    A conviction pursuant to a facially unconstitutional statute must be vacated. See *People v. Henderson*, 2013 IL App (1st) 113294, ¶ 11 (vacating the defendant's conviction based on a statutory section invalidated under *Aguilar*). Accordingly, defendant's conviction pursuant to subsection (a)(1), (a)(3)(B) is vacated.

¶ 11    As defendant's sole conviction is now vacated, the State asks this court to "remand this case to the circuit court to permit the [State] to reinstate the *nolle prosequied* counts that are still constitutional and therefore valid." The State argues that because it nol-prossed those charges pursuant to the plea agreement between defendant and the State, principles of contract law require that the State be afforded the opportunity to reinstate those charges due to the subsequent vacatur of defendant's conviction. It is the State's position that reinstating the nol-prossed charges would not infringe upon defendant's constitutional rights against double jeopardy and there are no other constitutional or statutory limitations which would preclude the prosecution of defendant on those charges.

¶ 12    A *nolle prosequi* is the "formal entry of record by the prosecuting attorney by which he declares that he is unwilling to prosecute a case" and serves to terminate the charge against the defendant. *People v. DeBlieck*, 181 Ill. App. 3d 600, 603 (1989). It operates "like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution." *People v. Watson*, 394 Ill. 177, 179 (1946). As it is not a final disposition of a case, a *nolle prosequi* will not bar another prosecution for the same offense. *Id.* Subject to relevant statutory or constitutional defenses, the State may reprosecute the defendant on a previously nol-prossed charge absent a showing of harassment, bad faith, or fundamental unfairness. *People v. Hughes*, 2012 IL 112817, ¶ 23 (citing *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 102 (2004), and *People v. Norris*, 214 Ill. 2d 92, 104 (2005)).

¶ 13    However, where the prosecuting attorney " 'causes the entrance of an unconditional *nolle prosequi* ***, the proceeding is terminated, and the same indictment *cannot be reinstated at a subsequent term* and prosecution thereon resumed.' " (Emphasis added.) *DeBlieck*, 181 Ill. App. 3d at 605 (quoting *Watson*, 394 Ill. at 182). Instead, the State may reinstate a nol-prossed charge by moving the trial court to vacate the *nolle prosequi* order, or it may file a new charging instrument to initiate a separate proceeding against the defendant. See *Hughes*, 2012 IL 112817, ¶¶ 23-25; *DeBlieck*, 181 Ill. App. 3d at 604-05. The *DeBlieck* court explained and distinguished these two methods of recharging a defendant with a charge previously nol-prossed, noting that where the *nolle prosequi* order is not vacated, the charge cannot simply be "reinstated" because there is no charge to reinstate. *DeBlieck*, 181 Ill. App. 3d at 605-06. Similarly, *Hughes* confirmed the validity of both methods so long as the State moves to vacate the *nolle prosequi* order or files a new charging instrument before jeopardy attaches. *Hughes*, 2012 IL 112817, ¶¶ 23-25. The record here shows the State did not follow either of the

procedures as explained in those cases: the State did not move for the trial court to vacate the *nolle prosequi* order, nor did the State file a new charging instrument to initiate a separate proceeding against defendant. The State having taken no such action at the trial court level, there is no decision by the trial court for us to review, and we decline to offer an advisory opinion on the matter.

¶ 14 We find guidance in *People v. Dunmore*, 2013 IL App (1st) 121170. That case presented a similar situation in which the defendant pled guilty and was convicted of one count of AUUW, and the State nol-prossed the remaining counts against him. *Dunmore*, 2013 IL App (1st) 121170, ¶ 3. During the pendency of the defendant's appeal of his sentence, our supreme court issued its ruling in *Aguilar*, which invalidated the section of the AUUW statute under which the defendant had been convicted. *Id.* ¶ 7. In their supplemental briefs, the defendant and the State both agreed that the defendant's conviction should be vacated; the State further asked the court to remand the case to the trial court for the reinstatement of the nol-prossed charges. *Id.* The *Dunmore* court vacated the conviction but declined to address whether the State was entitled to reinstate the nol-prossed charges. *Id.* ¶¶ 12-13. It found that because the State had "not yet had the opportunity to take action on the nol-prossed charges," addressing them would essentially amount to "decid[ing] abstract questions or render[ing] advisory opinions" because the procedural matter of reinstating the charges against the defendant was, at that point, only hypothetical. *Id.* We find the reasoning used in *Dunmore* to be instructive and persuasive. We note, however, that there is a procedural difference between the two cases. *Dunmore* addressed the issue on direct appeal, whereas the present case involves the appeal of a denial of defendant's section 2-1401 petition. This difference only provides further support for our conclusion that this court lacks the power to grant the State the relief it seeks, specifically the reinstatement of the previously nol-prossed counts against defendant. Those charges are part of an altogether separate proceeding from the matter before us.

¶ 15 The present case is solely related to defendant's section 2-1401 petition seeking relief from a void judgment. Contrary to the State's assertion, this appeal does not signify that "prosecution is still pending." It is well established that a section 2-1401 proceeding is "not a continuation of the case that resulted in the judgment that it challenges" but is an altogether new proceeding. *People v. Kane*, 2013 IL App (2d) 110594, ¶ 13. In this case, the original criminal proceeding terminated after defendant entered his guilty plea and was convicted of count I, the State nol-prossed the remaining charges and the parties did not appeal. See *People v. Shinaul*, 2015 IL App (1st) 140477, ¶ 13, *appeal allowed*, No. 120162 (Ill. Jan. 20, 2016). This present appeal that is before us concerns only the trial court's March 11, 2014, denial of defendant's section 2-1401 petition (and subsequent denial of defendant's motion to reconsider). That section 2-1401 petition was directed only at defendant's conviction under count I, while the remaining counts with which he was originally charged were nol-prossed. It is count I that we now vacate. Therefore, any issues related to the nol-prossed counts are not properly before us. Accordingly, this court does not have jurisdiction to grant the State's request or address the substantive issues it implicates.

¶ 16 Another case recently decided in this district, *People v. Shinaul*, 2015 IL App (1st) 140477, *appeal allowed*, No. 120162 (Ill. Jan. 20, 2016), also supports our finding that this court lacks the power to provide the State with its requested relief. As in *Dunmore* and the present case, the defendant in *Shinaul* pled guilty to one count of AUUW pursuant to a negotiated plea agreement whereby the State nol-prossed the remaining counts. *Shinaul*, 2015 IL App (1st)

140477, ¶ 4. After the *Aguilar* decision was issued, the defendant in *Shinaul* filed a section 2-1401 petition to vacate his conviction, and his petition was granted by the trial court. *Id.* ¶ 7. The trial court then denied the State's motion for reinstatement of the nol-prossed charges, and, in contrast to the present case, it was the denial of that motion (and the subsequent motion to reconsider) that the State appealed. *Id.* The *Shinaul* court found that it lacked jurisdiction to hear the State's appeal or determine whether the State could commence a new proceeding or refile the same charges against the defendant. *Id.* ¶¶ 14-15. As "there was no pending criminal proceeding before the trial court in [that] case," the court found that the trial court's dispositive orders in the section 2-1401 proceeding did not have the "substantive effect of dismissing any charges against defendant." *Id.* ¶¶ 13-14. "[T]he sole matter before the [trial] court was defendant's section 2-1401 petition for relief from a void judgment." *Id.* ¶ 13; *Shinaul*, 2015 IL App (1st) 140477, ¶ 18 (Pierce, J., specially concurring) (finding that because the original proceeding had previously terminated and the defendant filed a section 2-1401 petition, "the trial court had jurisdiction to consider only whether the judgment of conviction was valid"). Similarly, the present case is not a continuation of defendant's criminal proceeding in which the State chose to *nolle prosequi* all charges against defendant except count I. We reiterate that this appeal concerns *solely* his section 2-1401 petition to vacate his conviction pursuant to a facially unconstitutional statute. Thus, even if the State had asked the trial court to reinstate the nol-prossed charges, as it did in *Shinaul*, that would not vest this court with the authority to grant the State's request that we reinstate the previously nol-prossed counts.

¶ 17    The decisions cited by the State are unpersuasive because they involve defendants who had already been tried on charges that were originally nol-prossed but later reinstated during the criminal proceedings. See, *e.g.*, *People v. Hughes*, 2012 IL 112817; *People v. Norris*, 214 Ill. 2d 92 (2005); *People v. McCutcheon*, 68 Ill. 2d 101 (1977); *People v. Cabrera*, 402 Ill. App. 3d 440 (2010); see also *People v. Gorka*, 374 Ill. App. 3d 85 (2007) (after a successful procedure-related appeal, defendant withdrawing his guilty plea and his subsequent jury trial on the same charges did not violate the double jeopardy clause). In this case, by contrast, no action by the State regarding the reinstatement of the previously nol-prossed counts has been ruled on by the trial court. Accordingly, a review of the trial court's decision on any such action by the State is not before us. "The function of a reviewing court is limited to review of issues decided by the trial court and cannot be extended to issues not passed upon at trial." *In re Estate of Devey*, 239 Ill. App. 3d 630, 633 (1993). "We do not review cases merely to guide future litigation or to set precedent." *In re Appointment of Special Prosecutor*, 253 Ill. App. 3d 218, 224 (1993).

¶ 18    Accordingly, we deny the State's request to remand this cause to the trial court for the expressed purpose of reinstatement of the nol-prossed charges.

¶ 19    For the foregoing reasons, we vacate defendant's conviction.

¶ 20    Vacated.