# Illinois Official Reports

## Appellate Court

---

### *People v. Daniels*, 2017 IL App (1st) 142130-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD DANIELS, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-2130 |
| Filed | July 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-26780; the Hon. Joseph G. Kazmierski, Judge, presiding. |
| Judgment | Reversed; conviction vacated; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Brian W. Carroll, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Sari London, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justices Connors and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Ronald Daniels appeals from the order of the circuit court of Cook County denying his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)) to vacate his conviction for aggravated unlawful use of a weapon. In a June 2016 opinion (*People v. Daniels*, 2016 IL App (1st) 142130), this court vacated the defendant's conviction and determined that we lacked jurisdiction to grant the State's request (raised for the first time on appeal) to reinstate charges that were nol-prossed at the time of defendant's plea agreement. The supreme court subsequently directed us to consider the effect of *People v. Shinaul*, 2017 IL 120162, as to whether there is appellate jurisdiction to consider the reinstatement of the nol-prossed counts and, if so, whether those counts can be reinstated. We reverse the denial of defendant's section 2-1401 petition and vacate his conviction, but we conclude we lack jurisdiction to determine whether the nol-prossed counts may be reinstated.

¶ 2                                             BACKGROUND

¶ 3    Defendant was arrested on a city bus after he was found in possession of a revolver and four rounds of ammunition. Defendant was charged with six counts of aggravated unlawful use of a weapon (AUUW) pursuant to various provisions of the AUUW statute (720 ILCS 5/24-1.6 (West 2004)), as well as two counts of unlawful use of a weapon by a felon (UUWF). 720 ILCS 5/24-1.1(a) (West 2004)).

¶ 4    Defendant pled guilty to one charge of AUUW under the provisions criminalizing possession of an unloaded firearm with ammunition immediately accessible. 720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004). As defendant had a prior felony conviction, this offense was a Class 2 felony under the AUUW statute's sentencing provision. See 720 ILCS 5/24-1.6(d) (West 2004). Defendant received a six-year sentence. Pursuant to the plea agreement, the State entered a *nolle prosequi* with respect to the remaining seven counts.

¶ 5    After he completed his sentence, defendant filed a petition to vacate his conviction[1] pursuant to section 2-1401 of the Code. 735 ILCS 5/2-1401 (West 2012). The petition asserted that his AUUW conviction was invalid pursuant to *People v. Aguilar*, 2013 IL 112116, in which our supreme court held that "the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." *Id.* ¶ 22. In response, the State argued that *Aguilar* was limited to the "Class 4" form of the offense and did not invalidate the statutory provision specifying a "Class 2" felony when the offender has a prior felony conviction. 720 ILCS 5/24-1.6(d) (West 2004).

---

[1]Defendant titled this filing "Motion to Vacate the Conviction of Aggravated Unlawful Use of a Weapon." All subsequent filings by both parties before the trial court and before this court on appeal refer to it as defendant's "motion." Defendant refers to the filing as a "section 2-1401 petition" for the first time in his reply brief. Agreeing with this characterization, we interpret defendant's January 2, 2014, filing to be a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)), and we will refer to it accordingly. We further note that at no point did the State ever challenge defendant's ability to file this "motion," and the State's response brief on appeal refers to defendant's challenge to his conviction as a "collateral proceeding," which suggests that their own understanding of defendant's "motion" is consistent with our interpretation.

¶ 6    On March 11, 2014, the trial court denied defendant's petition to vacate his conviction. After the trial court denied his motion to reconsider, defendant filed a timely appeal.

¶ 7    In its appellate brief, the State acknowledged that defendant's conviction must be vacated in light of *People v. Burns*, 2015 IL 117387, decided pending this appeal. However, the State asked this court to remand this cause to the trial court to reinstate six of the seven nol-prossed charges against defendant.

¶ 8    In June 2016, this court issued an opinion which vacated defendant's conviction but held that we lacked jurisdiction to consider the State's request to reinstate the nol-prossed charges. *People v. Daniels*, 2016 IL App (1st) 142130. On March 29, 2017, our supreme court entered a supervisory order directing this court to vacate the June 2016 opinion and "to consider the effect of [the supreme court's] opinion in *People v. Shinaul*, 2017 IL 120162, on the issues of whether (1) the appellate court has jurisdiction to consider the reinstatement of previously nol-prossed counts following a court vacating a conviction based on a guilty plea in exchange for remaining counts being nol-prossed; and (2) if there is jurisdiction, whether the nol-prossed counts can be reinstated." This court subsequently vacated our June 2016 opinion.

¶ 9                                      ANALYSIS

¶ 10   We first address defendant's argument on appeal that the trial court erred in denying his section 2-1401 petition to vacate the conviction. "[S]ection 2-1401 of the Code represents a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings. [Citations.] A proceeding under section 2-1401 constitutes an independent and separate action from the original action ***." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Where a section 2-1401 petition raises a purely legal challenge to a judgment, the standard of review is *de novo*. *Id.* ¶ 47.

¶ 11   Defendant asserts that his conviction pursuant to subsections (a)(1) and (a)(3)(B) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(B) (West 2004)) must be vacated because the statute is unconstitutional. Subsection (a)(3)(B) specified that a person committed the offense of AUUW if he knowingly possessed a firearm that was "uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense." 720 ILCS 5/24-1.6(a)(3)(B) (West 2006).

¶ 12   The State concedes, and we agree, that the rationale expressed in *Aguilar* applies equally to subsection (a)(3)(B). Upholding a conviction under subsection (a)(3)(B) would illogically prohibit the possession of an *unloaded* gun in the same situation where, under *Aguilar*, the possession of a *loaded* gun is constitutionally protected. There is nothing in *Aguilar* suggesting that whether a gun is loaded affects the second amendment "right to possess and use a firearm for self-defense outside the home." 2013 IL 112116, ¶ 21. Accordingly, we find subsection (a)(3)(B) constitutionally invalid under *Aguilar*.

¶ 13   Further, the supreme court has clarified that *Aguilar*'s reasoning applies regardless of whether the offense is a Class 4 or Class 2 felony under the AUUW sentencing provision. *Burns*, 2015 IL 117387, ¶ 22 ("our reference in *Aguilar* to a 'Class 4 form' of the offense was inappropriate" as "[t]here is no 'Class 4 form' or 'Class 2 form' of AUUW"). Thus, the fact that defendant's prior felony made his AUUW offense a Class 2 offense does not affect the application of *Aguilar* to void his conviction.

¶ 14    Under the reasoning of *Aguilar*, subsection (a)(3)(B) is constitutionally invalid. A conviction pursuant to a facially unconstitutional statute must be vacated. See *People v. Henderson*, 2013 IL App (1st) 113294, ¶ 12 (vacating conviction based on a statutory section invalidated under *Aguilar*). Accordingly, defendant's section 2-1401 petition to vacate his conviction should have been granted.

¶ 15    Conceding that defendant's conviction under the plea agreement should be vacated, the State asks this court to remand this case to the circuit court to permit the State to reinstate six of the nol-prossed counts. The State asserts those counts "remain constitutional" and that there are no constitutional or statutory limitations precluding a prosecution on those charges.

¶ 16    Our June 2016 opinion in this matter concluded that we lacked jurisdiction to address the State's request to reinstate the nol-prossed counts, as that issue had not been raised in the trial court. Pursuant to the supreme court's supervisory order, we now consider the effect of *People v. Shinaul*, 2017 IL 120162, in determining whether "the appellate court has jurisdiction to consider the reinstatement of previously nol-prossed counts following a court vacating a conviction based on a guilty plea in exchange for remaining counts being nol-prossed." Only if we have jurisdiction may we proceed to decide whether the nol-prossed counts can be reinstated.

¶ 17    In *Shinaul*, defendant pled guilty to one count of AUUW, under the statutory provision subsequently invalidated by *Aguilar*. *Id.* ¶ 1. Pursuant to the plea agreement, the State nol-prossed several other charges. *Id.* Defendant completed the full term of his sentence. *Id.*

¶ 18    The *Shinaul* defendant subsequently filed a petition under section 2-1401 of the Code, seeking to vacate his conviction as void pursuant to *Aguilar*. *Id.* ¶ 2. The State, "[c]onceding that defendant's conviction should be vacated in light of *Aguilar*, *** filed a motion to reinstate certain AUUW counts that were previously nol-prossed." *Id.* Following a hearing, the trial court agreed that the conviction was void pursuant to *Aguilar*. *Id.* ¶ 3. However, the trial court denied the State's motion to reinstate the nol-prossed charges. *Id.* The State filed a motion to reconsider in which it argued there were no constitutional or statutory limitations barring reprosecution of the nol-prossed charges. *Id.* The trial court denied the motion to reconsider, and the State appealed. *Id.*

¶ 19    The appellate court determined it lacked jurisdiction and denied the State's petition for rehearing. *Id.* ¶¶ 4-5. However, the supreme court held that there was appellate jurisdiction under article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), because the trial court order constituted a final judgment. *Shinaul*, 2017 IL 120162, ¶¶ 10-11. The supreme court explained that "a 'final judgment' is a determination by the circuit court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (Internal quotation marks omitted.) *Id.* ¶ 10. *Shinaul* recognized "the issues before the circuit court were limited to whether the AUUW count to which defendant had pled guilty should be vacated, whether he should be allowed to withdraw his negotiated guilty plea, and whether the State should be allowed to reinstate the counts it had nol-prossed." *Id.* ¶ 11. "Once the circuit judge resolved all the pending issues in its written order, the matter terminated *** allowing the State to seek review, as of right, of the circuit court's ruling." *Id.* ¶ 12.

¶ 20    Proceeding to review the trial court's denial of the State's motion for reinstatement, the supreme court determined that the criminal statute of limitations (720 ILCS 5/3-5 (West 2012)) "serve[d] as an absolute bar to the State's motion to reinstate the charges it nol-prossed."

*Shinaul*, 2017 IL 120162, ¶¶ 15-18 (holding that the limitations period was not tolled by section 2-1401 proceedings). Thus, the supreme court affirmed the judgment of the circuit court. *Id. ¶* 20.

¶ 21 In assessing our jurisdiction to consider the State's request to reinstate nol-prossed counts in this appeal, we recognize that *Shinaul* also involved a section 2-1401 petition seeking to vacate a conviction under a plea agreement. However, *Shinaul*'s procedural posture differs: in *Shinaul*, the State moved the trial court to reinstate nol-prossed charges, and the trial court decided that motion in the same final judgment that granted the section 2-1401 petition. In this case, the State raised the issue of reinstatement for the first time on appeal.

¶ 22 This procedural distinction is significant in deciding our jurisdiction to review the reinstatement issue. In *Shinaul*, there was jurisdiction to review that issue because it was decided as part of a final judgment. *Shinaul* recognized that "*a 'final judgment' is a determination by the circuit court on the issues presented by the pleadings*" and the trial court's order was final because it decided all "the issues *before the circuit court*," including the motion for reinstatement. (Emphases added.) *Id.* ¶¶ 10-11 ("When the circuit court ultimately denied the State's motion ***, a final decision on the State's motion was entered.").

¶ 23 *Shinaul* thus confirms appellate jurisdiction to review the reinstatement of nol-prossed charges where the State has made a motion for reinstatement in the trial court presiding over the section 2-1401 proceeding and the motion is decided in a final order. *Shinaul* does not address the situation presented here, where the issue of reinstatement is raised for the first time on appeal from the trial court order deciding the section 2-1401 petition.

¶ 24 As *Shinaul* recognized that article VI confers appellate jurisdiction to review final judgments by the circuit court and that a final judgment is a determination "on the issues presented by the pleadings" (*id.* ¶ 10), we conclude that we lack appellate jurisdiction to consider an issue not considered by the circuit court in the underlying section 2-1401 proceeding. Although the trial court entered a final judgment in this case, that judgment was limited to defendant's petition to vacate his conviction under a single count of AUUW. The potential reinstatement of other counts was simply not part of the final judgment from which the defendant appealed. Thus, we conclude we do not have jurisdiction to review the State's request for reinstatement of nol-prossed counts.

¶ 25 We recognize that article VI elsewhere provides that "[t]he Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review." Ill. Const. 1970, art. VI, § 6. However, the "case on review" in this appeal is not the original prosecution that resulted in the plea agreement but rather the separate section 2-1401 proceeding. See *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 23 (a section 2-1401 petition "is not a continuation of the original action" but "is an initial pleading that commences a new and separate cause of action"). The possible reinstatement of nol-prossed charges is not necessary to the determination of the case on review, which is limited to whether the AUUW conviction should be vacated under *Aguilar*. Thus, we do not find that we have original jurisdiction to consider the reinstatement issue.

¶ 26 Pursuant to the supreme court's supervisory order, we determine that, notwithstanding *Shinaul*, this court lacks jurisdiction to consider the reinstatement of previously nol-prossed

counts following the vacatur of defendant's conviction.[2] In turn, we do not address the merits of the State's request for reinstatement.

¶ 27 For the foregoing reasons, we reverse the trial court's denial of the section 2-1401 petition, vacate defendant's conviction, and remand for proceedings consistent with this opinion.

¶ 28 Reversed; conviction vacated; cause remanded.

---

[2]Our decision does not preclude the State from filing a new indictment or moving in the circuit court to vacate the *nolle prosequi*, subject to any statutory or constitutional defenses. *People v. Hughes*, 2012 IL 112817, ¶¶ 24-25.